[Civ. No. 3148.   Third Appellate District.—June 17, 1926.]

In the Matter of the Estate of HARRIET C. OGDEN, etc., Deceased. E. OGDEN HOOK et al., Appellants, v. G. W. OGDEN et al., Respondents.

[1] WILLS—CONSTRUCTION—TRUSTS.—Under a will declaring, "I leave all the rest of my estate money in bank—bonds & real estate to my nephews. E. Ogden Hook & Robert A. Hook the interest to be paid them until they have reached the age of—27—years

---

1.  See 25 Cal. Jur. 284.

—at the age of 27, each one is to be given his share— . . . I appoint my brother G. W. Ogden & my brother in law G. Edward Hook as executors of the estate without bonds—in case of their death I appoint my nephew—Ogden Hook," a trust was not created and the two nephews named in such residuary clause were entitled to have the property described therein distributed directly to them.

[2] ID.—INTENT—CONSTRUCTION.—In construing such will, the question for the probate court to determine is not what the testatrix intended to declare in her will, but what she intended by what she did declare therein.

(1) 40 Cyc., p. 1727, n. 54, p. 1729, n. 73, p. 1731, n. 90, p. 1746, n. 48, p. 1785, n. 21.   (2) 40 Cyc., p. 1388, n. 90, 94, p. 1390, n. 95.

APPEAL from a decree of the Superior Court of Los Angeles County directing distribution. Frank H. Dunne, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Donald McKisick for Appellants.

Clifford A. Russell for Respondents.

FINCH, P. J.—The last will of the above-named decedent, after disposing of certain property, provided as follows: "I leave all the rest of my estate money in bank—bonds & real estate to my two nephews. E. Ogden Hook & Robert A. Hook the interest to be paid them until they have reached the age of—27—years—at the age of 27, each one is to be given his share— . . . I appoint my brother G. W. Ogden & my brother in law G. Edward Hook as executors of the estate without bonds—in case of their death I appoint my nephew—Ogden Hook." In due course of administration the executors named in the will filed their final account and petition for distribution of the estate. A decree was entered distributing certain property in accordance with the terms of the will and then providing as follows: "Unto said G. Edward Hook, as trustee, for the use and benefit of E. Ogden Hook and Robert A. Hook, nephews of decedent, all of the rest, residue and remainder

2.  See 26 Cal. Jur. 884; 28 R. C. L. 214.

of said estate, as described herein, and all other property of said estate, whether described herein or not; each of said beneficiaries to receive one-half the interest and revenue derived from the said trust property until he shall reach the age of 27 years; and at the age of 27 years, each shall be given his one-half share of said trust property. . . . No bond shall be required of said trustee for performance of his duties in this behalf." E. Ogden Hook and Robert A. Hook have appealed "from so much of said decree of distribution . . . which orders and decrees that the distributive shares in said estate of said E. Ogden Hook and Robert A. Hook, legatees, be distributed to said G. Edward Hook, as trustee, for the use and benefit of said E. Ogden Hook and Robert A. Hook."

[1] Respondents concede that the part of the decree from which the appeal is taken is erroneous. It is manifest that a trust was not created by the terms of the will. As was said in *McCloud v. Hewlett*, 135 Cal. 361, 368 [67 Pac. 333, 336], the court had no "power or jurisdiction to carve out a trust from anything to be found in the will, and, independent of the will, it had no power to create the trust." [2] It may be that the testatrix intended to create a trust, but the question for the court to determine is not what she intended to declare in her will, but what she intended by what she did declare therein. (*Title Ins. & Trust Co. v. Duffill*, 191 Cal. 629, 642 [218 Pac. 14].) The facts of this case are unlike those in *Estate of Shaw*, 198 Cal. 352 [246 Pac. 48], where it was held that the terms of the will there in question were sufficient to create a trust even though the word "trust" or "trustee" was not used. The property described in the residuary clause of the will herein should have been distributed directly to E. Ogden Hook and Robert A. Hook.

The parts of the decree appealed from are reversed, with direction to the trial court to distribute said residue of the estate in accordance with the views herein expressed.

Needham, J., *pro tem.*, and Plummer, J., concurred.