[Civ. No. 7383. Second Appellate District, Division Two.—June 26, 1930.]

In the Matter of the Estate of ALLEN H. HISEY, Deceased. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, etc., et al., Petitioners; MINNIE MYERS HISEY, Respondent, v. JOSEPH C. HISEY et al., Appellants.

Arthur Wm. Green for Appellants.

Hawkins & Hawkins for Respondent.

THOMPSON (IRA F.), J.—On July 20, 1927, the last will and testament of Allen H. Hisey was admitted to probate, and the petitioners were appointed executor and executrix thereof. Subsequently the respondent filed her petition for the distribution to her of certain moneys which had come into the hands of the executors from the sale of timber growing on community real property in the state of Texas. The probate court made its order distributing the proceeds of the sale to her, and the devisees named in the will other than the respondent, having contested the petition in the court below, are here upon an appeal from that judgment.

The question involves a construction of the last will and testament, the governing portions of which are as follows: "Third: I desire that my wife shall take a one-half (½) of the community property to which she is entitled under the laws of the State of California and that the remaining one-half (½) over which I have testamentary disposition be distributed as follows: One-sixth to my wife, Minnie Myers Hisey," (here follows three devises of 5/18 each to a brother and two sisters, the appellants). "Fifth: I hereby nominate, constitute and appoint my wife, Minnie Myers Hisey, and Pacific-Southwest Trust and Savings Bank, a corporation, of Los Angeles, California, as Executrix and Executor of this, my last Will and Testament, and

I hereby expressly direct that no bond or other security shall be required of said Executrix, or Executor in any jurisdiction to secure the faithful performance of their respective duties.''

The appellants direct our attention specifically to the clause ''in any jurisdiction'' and argue that when it is considered in conjunction with the presumption against intestacy which ought to apply, that it indicates an intention on the part of the testator to dispose of all of his estate. This is the sole ground of appeal, it being conceded by them that if the will does not dispose of the Texas property the order was properly made.

We are not permitted nor inclined, however, in order to avoid a conclusion of partial intestacy to adopt a construction based on conjecture (*Estate of Hoytema,* 180 Cal. 430 [181 Pac. 645], nor to supply an omission by rewriting the will. As was said in *Estate of Young,* 123 Cal. 337 [55 Pac. 1011], and quoted with approval in *Estate of Blake,* 157 Cal. 448-458 [108 Pac. 287]: ''the purpose of construction as applied to wills is unquestionably to arrive if possible at the intention of the testator, but the intention to be sought for is not that which existed in the mind of the testator but that which is expressed in the language of the will.'' So here, when we look to the property which he disposed of by his will there is no room for construction. He says ''[M]y wife shall take a one-half ($\frac{1}{2}$) of the community property to which she is entitled under the laws of the State of California.'' Obviously she could take no part of the community real property in Texas by the laws of California, nor any part of the real property in Missouri by any such right. The rule is so well established and understood that the laws of the state where realty is located, or the *lex rei sitae,* govern the transmission of land within the state that it seems superfluous to make reference to authorities announcing the rule. The testator has therefore, first of all carved out from his entire estate his wife's one-half interest in the community property in California. And he then disposes of what? He desires ''the remaining one-half ($\frac{1}{2}$) over which I have testamentary disposition'' to be distributed to his wife and the appellants. What one-half can the language be made applicable to except that which remains after the wife's

one-half according to the laws of California, is deducted? It is plainly different from a devise of the remainder or the rest and residue and we cannot by some legerdemain or "black art" expand the language used by the testator to include that which it obviously does not include.

Order affirmed.

Works, P. J., and Craig, J., concurred.