[Civ. No. 10750. First Appellate District, Division One.—June 28, 1938.]

In the Matter of the Estate of SARAH MALONEY, Deceased. SARAH COLLINS, Appellant, v. THOMAS MALONEY et al., Respondents.

 

Hugh K. McKevitt for Appellant.

Corbet & Selby, John Selby, Russel Shearer and Paul Thomas for Respondents.

KNIGHT, J.—The decedent, Sarah Maloney, a resident of San Francisco for many years, died at the age of seventy-six. She had never been married and her only relatives lived in Kentucky. There are five of them, namely, Thomas, Peter and John Maloney, Catherine Honadel, and Sarah Collins. The latter is a cousin, and the other four are the children of a predeceased brother. Six months before the decedent died she made a holographic will whereby she left $500 to each of the children of her predeceased brother, $1,000 to Sarah Collins, $500 to her church, and concluded the will as follows: "I wish for Mrs. Sarah Collins to doe wat she know I like done if any is left." In due course the will was admitted to probate; but on proceedings for distribution the probate court decreed that as to the residue of the estate, the decedent died intestate; and thereupon, pursuant to the laws of succession, it distributed the residue, amounting to approximately $5,500, in equal shares to the four children of the deceased brother, as the next of kin. From that portion of the decree of distribution Sarah Collins appealed.

██ It appears to be well settled that where one attempts to create a testamentary trust, but fails to indicate either the object or the persons intended to be benefited thereby, the purported trust is fatally defective for uncertainty (*Estate of Ralston*, 1 Cal. (2d) 724 [37 Pac. (2d) 76, 96 A. L. R. 953]), and in those circumstances the property attempted to be disposed of thereby, in the absence of a valid residuary clause in the will, goes not to the purported trustee, but passes under the laws of succession in equal shares to the next of kin. (*Estate of Ralston, supra; Wittfield* v. *Forster*, 124 Cal. 418 [57 Pac. 219]; *Fay* v. *Howe*, 136 Cal. 599 [69 Pac. 423]; *Simpson* v. *Simpson*, 80 Cal. 237 [22 Pac. 167]; *Estate of Reith*, 144

Cal. 314 [77 Pac. 942].)　▉　And respondents contend, and the probate court in effect held, that such was the situation here.

On the other hand, appellant contends that there is no justification for the conclusion that by the clause above quoted the decedent attempted to create a trust, but that to the contrary it appears from the evidence introduced by appellant at the time of the hearing on distribution that the decedent intended to leave the residue of her estate to appellant absolutely, and that the wording of the residuary clause is legally sufficient to establish such a bequest.

After analyzing the provisions of the entire will in the light of the circumstances under which it was made, we are of the opinion that as the probate court held, said residuary clause created neither a trust nor a bequest. As claimed by appellant, it is at once apparent from the face of the will that the decedent was an uneducated person; nevertheless it will be observed from an examination of the provisions creating the six specific cash legacies that when she intended to make an absolute gift, she had no difficulty whatever in expressing such intention in clear and unmistakable language; that is to say, in each instance she declared: ''I leave . . . Dallars to . . . '', etc. The cash legacy provided for appellant was couched in such language, to wit: ''I leave to my Cousin Sarah Collins . . . one Thousand Dallars.'' Manifestly, therefore, if in addition to the gift of $1,000 she had intended to give appellant the residue of her estate she naturally would have employed the same language she used in creating the cash legacy, and simply said, ''I leave the rest to Sarah Collins.'' But, as will be seen, she did not do so. On the contrary, she used language strikingly different, to wit: ''I wish for Mrs. Sarah Collins to doe wat she know I like done if any is left''; which, in our opinion, tends strongly to support the conclusion reached by the probate court that she intended thereby to create some sort of a trust.　▉　At all events, such construction appears to be reasonable, and it is held generally that where the construction given an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation, even though it seems equally tenable. (*Estate of Boyd,* 24 Cal. App. (2d) 287 [74 Pac. (2d) 1049]; *Estate of Bourn,*

25 Cal. App. (2d) 590 [78 Pac. (2d) 193] ; *Kautz* v. *Zurich Gen. A. & L. Ins. Co.,* 212 Cal. 576 [300 Pac. 34].)

█ In furtherance of appellant's contention that the decedent intended to make an additional gift to her of the residue of the estate appellant at the hearing introduced testimony of the oral declarations of the decedent as to her intentions, which it is claimed she made just prior to the writing of the will. The probate court received the testimony over respondents' objections, but stated at the time that after all, in the determination of the issue of the decedent's intentions, it would be relegated under the law to the will itself. Appellant now contends that the refusal of the probate court to consider said oral declarations was error; and that said oral declarations being admissible for the purpose mentioned, they constituted convincing proof of the decedent's intentions. Section 105 of the Probate Code provides, however, that when an uncertainty arises on the face of a will as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it is made, but excluding the oral declarations as to his intentions. And in applying the foregoing rule the courts have often declared in conformity therewith that such oral declarations do not serve as competent evidence of the testator's intentions (*Estate of Johnson,* 107 Cal. App. 236 [290 Pac. 314] ; *Estate of Watts,* 186 Cal. 102 [198 Pac. 1036]) ; that the intention to be sought for is not that which may have existed in the mind of the testator, but that which is expressed in the language of the will. (*Estate of Major,* 89 Cal. App. 238 [264 Pac. 542] ; *Estate of Ogden,* 78 Cal. App. 412 [248 Pac. 680] ; *Estate of Bourn, supra.*) It follows from the foregoing that there is no merit in appellant's contention.

█ Also in support of her position appellant calls attention to certain general rules of construction to the effect that words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative, and that of two modes of interpreting a will that is to be preferred which will prevent a total intestacy (sec. 102, Probate Code ; *Estate of Olsen,* 9 Cal. App. (2d) 374 [50 Pac. (2d) 70]) ; furthermore, that the intention of the testator must be given effect as far as possible (sec. 101, Probate Code ; *Estate of*

*Newman,* 68 Cal. App. 420 [229 Pac. 898]) ; and in connection with the above rules appellant argues that the language used in the residuary clause in question is equally as forceful in expressing her intention to give Mrs. Collins the residue of the estate as would be the words employed by her in creating the cash legacies. We are of the opinion, however, that to so hold would be to enter the field of conjecture and amount to a rewriting of the testatrix's will; and it is well established that neither indulgence in speculation nor conjecture as to what a testatrix's intention was affords proper basis for a decree of distribution (*Estate of Zilke,* 115 Cal. App. 63 [1 Pac. (2d) 475]) ; nor is a court permitted to adopt a construction founded on conjecture or to supply an omission by rewriting a will in order to avoid a conclusion of partial intestacy. (*Estate of Hisey,* 106 Cal. App. 678 [289 Pac. 889].)

With respect to the numerous authorities cited by appellant, it may be stated that we have examined the same but find nothing therein sufficiently in point to warrant interference with the conclusions reached by the probate court herein.

The portion of the decreed appealed from is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 25, 1938.