[Civ. No. 7670.   Third Dist.   Mar. 8, 1950.]

R. G. PEARSON, Respondent, v. HELEN HANSEN, Appellant.

Manwell & Manwell for Appellant.

Rich, Weis, Carlin & Fuidge for Respondent.

THE COURT.—This action was brought to quiet title to a tract of land described in the complaint and located in Yuba County. The land had been part of a larger tract owned formerly by the common predecessor in interest of plaintiff and defendant, and came to the parties hereto by devise and purchase. Before making his will the devisor had lived for a long time on the whole property, devoting the land, excluding that used as his home, to fruit raising and general farming.

By his will he devised to defendant his "home and place of residence . . ., including the surrounding lands described as follows:

"Beginning at the intersection of the south line of Ella Lane with the west line of the Earl Fruit Company Road; running thence south and along the said westerly line of the Earl Fruit Company Road three hundred (300) feet; thence at a right angle westerly to a point on a line running in a north and south direction and at right angles to the aforementioned Ella Lane, and being distant three (3) feet west from the westerly side of the small pump and tank house which provides the domestic water supply for the home premises herewith devised; thence at a right angle northerly and along said last mentioned line to the southerly line of said Ella Lane; thence east and along said southerly line of Ella Lane to the point of beginning."

The balance of his holdings the testator devised to a number of residuary legatees, one of whom was plaintiff; and before this action was begun plaintiff had acquired the interest of the other residuary devisees by purchase. The will was executed December 10, 1941. Two codicils were later executed, the last under date of November 25, 1946, but no change was made in the real property devises nor in the descriptions first used.

After the testator's death his will was probated and distribution was made of the real property, the parcel devised to defendant being distributed by the description used in the will. A dispute arose between plaintiff and defendant concerning the location on the ground of the calls of defendant's devise. Plaintiff employed a licensed surveyor who located the lines according to the description appearing in the complaint, and plaintiff brought this action claiming to own all

of the land except that portion which this description allocates to the defendant. The decree of the trial court quieted plaintiff's title according to this same description, and defendant appeals.

At the trial the principal controversy had to do with the location of the west line of defendant's parcel. This line was, by the description used in the will, fixed only by reference to "the westerly side of the small pump and tank house which provides the domestic water supply for the home premises herewith devised." A small building clearly fitting this description had existed for a long time before the will was made. It was square in shape and its westerly side approximated a north and south position. From the date of its construction it had housed the pump which furnished domestic water. About one year before the will was executed the testator had built along and against the southerly side a room usable for a guest room or sleeping quarters, which projected westerly and beyond the pump house about 12 feet. A landing, and steps down to the ground level, projected yet another 5 or 6 feet. The existing southerly wall of the older pump house was not disturbed, but the roof over it and the new structure was fashioned into a common roof. Within the angle formed by the two structures and about 7 or 8 feet westerly of the pump house there had long been situated a well and pump for irrigation purposes, and just north of the pump house was a valve box and stand pipe used as a part of the irrigation system. The line fixed by the court as the westerly line of defendant's property runs through this westerly projection of the guest room and encloses within her boundaries the valve and stand pipe. The trial court construed the testator's reference to the pump house as referring exclusively to the older and smaller structure housing the domestic supply pump, and held that it did not refer to or include the guest room. It is the main contention of appellant that in so doing the court erred, and that a proper construction would fix the line 3 feet west of the steps leading into the guest room. Such a construction would enclose the irrigation well and irrigation pump within the appellant's lines, and deprive respondent of the use of the existing water supply for irrigation of the farming lands.

Appellant points out that the testator first declares he gives to her his home and place of residence including the surrounding lands; and she argues that he intended his following description to accomplish this generally declared pur-

pose, and that it should and must be so construed. She says the guest room is part of the home and place of residence, and that the intention to give all parts of the home and residence to her demands such a construction of the particular calls as will achieve that result.

It is true that to say the testator intended to so fix the westerly line as to leave the guest room partly on one property and partly on the other, thus largely destroying its value to either owner, requires clear proof of that intent.

The rules for construing wills, deeds and written instruments generally, are well settled. The intent must be sought first in the writing itself, and must be that which is expressed in the instrument and not that which may have existed in the mind of the testator. (*Estate of Maloney,* 27 Cal.App.2d 332, 335 [80 P.2d 998]; Prob. Code, § 101.) If the intent be clearly expressed then no further search or inquiry is permitted; the court must follow the intent, however unusual or unreasonable the result may appear to be. (*Estate of Spreckels,* 162 Cal. 559, 567 [123 P. 371].) If the intent cannot be so found, if there is real uncertainty in the writing, then, and then only, may the next step be taken, that of inquiring into the facts and circumstances existing when the instrument was executed, as an aid in construing the instrument. (*Estate of Spreckels, supra.*)

This latter situation is not presented by the record here. Notwithstanding the testator's general declaration that he gives to appellant his "home and place of residence . . . , including the surrounding lands" he proceeds to describe the properties so given by a particular description that is too clear and definite to permit any change under the guise of construction. Appellant's contention that by the words "small pump and tank house which provides the domestic water supply for the home premises herewith devised" he meant to include the guest room cannot be sustained. The smaller and older building was the only object to which could be applied the descriptive words used. That being so, the westerly line of appellant's devise was unalterably fixed, and the trial court by its judgment has properly construed the will.

The judgment is affirmed.