[Civ. No. 10941.  First Appellate District, Division One.—March 20, 1939.]

In the Matter of the Estate of ALFRED F. SULLIVAN, Deceased.  ANGELA MAY PENDERGAST, Executrix, etc., Respondent; RALPH TIMOTHY SULLIVAN, a Minor, etc., Appellant.

William A. Lahanier for Appellant.

Dean Cunha for Respondent.

TYLER, P. J.—This is an appeal from a first and final account and order of final distribution. The sole question presented is the construction to be given the terms of a will. The decedent executed his will October 25, 1928. Thereafter, on September 9, 1930, Ralph Timothy Sullivan was born. The decedent, after making provision for a nephew and niece, devised the residue of his estate, share and share alike, among four kindred, one of whom was appellant's father Ralph Timothy Sullivan. The father died December 27, 1929, and deceased testator on April 21, 1937.

It was contended by the administratrix at the hearing on distribution that section 92 of the Probate Code would not apply to permit the appellant to succeed to the share of the estate his father would have received had he survived the testator. It was contended by the appellant that section 92 would apply, thereby entitling him to receive his father's devise by right of representation. The trial court concluded that the devise in question was one to a class and ordered distribution to the surviving members as residual devisees. The pertinent portion of the will in question reads as follows:

"FIFTH: All the rest, residue and remainder of my property real and personal, and wheresoever situate, I give, devise and bequeath, share and share alike to the following: My sister, ANGELA MAY PENDERGAST, formerly ANGELA MAY SULLIVAN; my sister, CLAIRE JOSEPHINE HARDING, formerly CLAIRE JOSEPHINE SULLIVAN; my brother, VINCENT MATTHEW SULLIVAN, and my brother, RALPH TIMOTHY SULLIVAN.

"SIXTH: I have intentionally omitted by brother, AR-THUR J. SULLIVAN, for reasons which he himself will understand; I have intentionally omitted all my heirs who

are not particularly mentioned herein, and I hereby generally and specifically disinherit each, any and all persons who may make any claim to any portion of my estate, and to such person or persons I hereby give and bequeath the sum of One Dollar ($1.00) and no more, in lieu of any other share or interest in my estate.''

Section 92 of the Probate Code provides as follows: ''If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendents, or is dead at the time the will is executed, but leaves lineal descendents surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.''

Unless, therefore, the gift is to a class, as held by the trial court, the decree of distribution must be reversed. ▆ If words, which, standing alone, would be effectual to create a class, are followed by equally operative words of devise to devisees by name and in definite proportions, the law infers from the designation by name and mention of the share each is to take, that the devisees are to take individually and as tenants in common, and that the descriptive portion of the clause is intended merely as a matter of identification. (*Estate of Murphy,* 157 Cal. 63 [106 Pac. 230, 137 Am. St. Rep. 110].) The rule or presumption is that the gift is not one to a class where the will designates the takers by name, or identifies them by their number; and this inference will be given effect in the absence of anything to show a contrary intention. Thus, where property is expressed to be given to four named devisees, the survivors do not take the share of one who predeceased the testator. ▆ Nor does the rule in avoidance of intestacy overcome the presumption that the devisees or legatees were intended to take as individuals and not as a class. (*Estate of Pence,* 117 Cal. App. 323 [4 Pac. (2d) 202].)

▆ Here there is nothing on the face of the devise indicating any uncertainty in the number of persons who are to take the property, or that they are to be ascertained at a

future time, or that the share of the residuary estate which the devisees are ultimately to have is to be determined by the number of those who survive the testator. In fact it is not only quite apparent that under the rule this devise cannot be said to contain any of the elements which would characterize a gift to a class, but the plain impression which one receives by reading the above portion of the will is that the testator intended to give to each individual an equal portion of his estate.

It is expressly held in *Estate of Hittell*, 141 Cal. 432 [75 Pac. 53], that where the will of a deceased person bequeaths all of his real and personal property to two devisees named, no joint tenancy is created or devise made to a class, with any right of survivorship, but the will creates a tenancy in common in the devisees; and where one of the devisees named dies prior to the death of the testator the bequest to such devisee lapses, and the half-interest devised to such person should be distributed to the heirs at law of the testator.

Respondent argues that the testator had figured out a complete scheme for the disposition of his estate. She urges that, having left one nephew and one niece specific bequests, and eliminated appellant herein, who is also a nephew, he thereby intended to leave him no portion of his estate. Appellant, however, was not born until nearly two years after the will was executed, and no change was made by the testator in his will.

The question is not one of first impression in this state and it would be a matter of supererogation to discuss the question further as *Estate of Murphy*, 9 Cal. App. (2d) 712 [50 Pac. (2d) 828] contains reasoning which controls the decision. In that case Josephine Murphy executed her last will on August 4, 1927. Her son Louis Murphy executed his last will six days later. The mother died on March 15, 1932, and the son five days later. The mother left her entire estate to Louis and purposely omitted to provide for another son, William L. Murphy, he having theretofore received certain advances from her. In Louis' will the entire estate was left to the mother, and he expressly omitted to provide for his brother William. Because the sole legatee under Louis' will predeceased him, the brother, as next of kin to Louis, claimed the entire estate under section 92 of the Pro-

bate Code. The three minor children of William appeared by their mother as guardian and petitioned for the entire estate upon the ground that William could not take under the statute because of the expressed intention of the testator to eliminate him as an heir to the estate. It is there stated: "We are faced with these inescapable facts: the devisee died during the lifetime of the testator and the will does not show an intention to substitute another in her place. The estate would therefore go to her lineal descendant, the appellant herein, by operation of the statute. Thus, in effect, the statute substitutes the appellant for the deceased devisee and it is immaterial whether we say he takes by reason of the will or by operation of the statute. The controlling point is that the will did not provide for the contingency of the death of the devisee and the statute supplies that omission." (See, also, *Estate of Kunkler*, 163 Cal. 797 [127 Pac. 43].)

We conclude, therefore, that appellant, who was born after the execution of the will, took by right of representation the specific devise to his father who predeceased the testator, notwithstanding the clause omitting all other heirs not mentioned in the will.

For the reasons given the judgment is reversed.

Knight, J., and Ward, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.