[Civ. No. 11227.   First Appellate District, Division Two.—December 13, 1939.]

In the Matter of the Estate of DANIEL LYONS, Deceased. CORNELIUS LYONS, Appellant, v. CORNELIUS LYONS, Respondent.

Rogers & Clark and John A. O'Kane for Appellant.

Frank J. Fontes for Respondent.

NOURSE, P. J.—The controversy in this proceeding arises between two legatees under the will of Daniel Lyons, each of whom is named Cornelius Lyons. The appellant is a first cousin and the respondent a second cousin of the deceased. Appellant's statement of the issues involved given under rule VIII of the Supreme Court we quote in full: "Extrinsic evidence is admissible where the provisions of decedent's codicil contain a latent ambiguity in that extrinsic facts reveal an uncertainty as to the identity of a residuary legatee named Cornelius Lyons, there being two persons of that name neither of whom exactly answers the declarations and descriptions of the codicil.

"Extrinsic evidence likewise is admissible to ascertain the identity of such residuary legatee where the name and description contained in the codicil apply substantially to both parties."

The portions of the will which are the root of the controversy read:

"SEVENTH: I give, devise and bequeath to my cousin, Daniel Lyons, Cornelius Lyons and Catherine Schultz, children of John Lyons and Mary Lyons of Eighteenth and Church streets, San Francisco, the sum of One Thousand ($1000.00) Dollars each;

"FOURTEENTH: I hereby nominate and appoint Cornelius Lyons of 630-11th Avenue, San Francisco, and Dennis Kelly, of 641-8th Avenue, San Francisco, executors of this my last will and testament to serve without bonds . . . "

In a codicil executed four years later the testator revoked a special bequest made in paragraph fifth of his will and created a trust in favor of his brother with the stipulation that: "Upon the termination of this trust the entire principal of the trust estate then held by the trustee shall vest free from any trust in and go and be distributed by the trustee to my cousin, Cornelius Lyons mentioned in Paragraph Seventh of my said last will and testament and if he be dead then to his children and heirs at law, share and share alike, such heirs at law taking by right of representation;"

In due course of administration, partial distribution was made to the special legatees named in the will including the "cousin" of the testator named in paragraph seventh, the respondent herein. No objection to such distribution was

made by appellant, and the determination made in that decree that respondent was the "cousin Cornelius Lyons mentioned in paragraph seventh of my said last will" has become final, and no longer open to attack. After numerous continuances, respondent's petition for distribution under the codicil, and appellant's attack thereon in the form of a petition for declaratory relief came on for hearing. At that time appellant made the offer to prove that he and not the respondent was the intended beneficiary under the codicil. The matter was fully argued, and the learned trial judge gave appellant every opportunity to show what he intended to prove if witnesses were called, the extent of which was that the language of the codicil was a mistake because the respondent, who concededly was the one mentioned in paragraph seventh of the will, was but a second cousin, whereas the appellant, who was the one mentioned in paragraph fourteenth of the will, was a first cousin. It was also suggested that the latter had several children while the respondent had but one and hence that the reference in the codicil "to his children and heirs at law, share and share alike" must have applied to the appellant and his children.

In ruling that the proffered testimony was not admissible, the trial court did not commit any prejudicial error in view of the pleadings upon which the opposition was based. The appellant alleged in his petition that the respondent was the Cornelius Lyons mentioned in paragraph seventh of the will. As one of the executors he appeared without objection and thus consented to the partial decree of distribution under which respondent was paid the special bequest of $1,000 under paragraph seven designating him as "my cousin". Appellant concedes that he makes no complaint regarding that special bequest, but argues and offers to prove that "the language of paragraph seven is a mistake, an inadvertence".

Reverting to the appellant's statement of the question involved, it will be conceded that extrinsic evidence is admissible where there is an ambiguity as to the identity of a legatee named in a will and where the descriptions used may apply equally to two parties. But the facts of this case do not present such inquiries. There is no ambiguity of description when the respondent alone comes within the language of paragraph seven of the will which is made a part of the codicil by reference. There is nothing in the language of paragraph

seven (except the word cousin) which meets the description of appellant, who is specifically referred to in other portions of the will, named as one of the executors thereof, and treated as a party distinct from the respondent.

In the final analysis appellant's case is simply this: He contends that the testator must have intended to leave the bequest to him rather than to respondent, that his scrivener erred, and that the testator erred when the codicil was written and signed. The case is found in paragraph VI of his petition alleging: "that the words 'Paragraph Seventh of' contained in said subparagraph 3 of Paragraph Second of said codicil are a mistake and erroneous and said codicil should be corrected by striking therefrom said words as not expressing the true meaning and intent of said Daniel Lyons, deceased . . . " This is a far different case from that presented in the briefs and in the offer of proof—a case dependent upon the premise that there was uncertainty in the codicil because paragraph seven of the original will was ambiguous. But in view of the positive allegation in the petition that respondent was the one named in paragraph seven, it must be manifest that there could be no uncertainty as to identification of parties when the codicil merely picked up the accepted identification found in the original will.

The rule of law applicable to the entire controversy, eliminating the inconsequential questions of matter of procedure, is found in 28 Ruling Case Law, page 278, reading: "The rule in the construction and interpretation of wills is fundamental that there can be no reformation of the instrument on the ground of mistake, accident, or surprise. This is because its author is dead, and his intent can only be known from the language he has used. A mistake in a will therefore cannot be shown by parol evidence. Nor is such evidence admissible to explain a pure mistake in a will, unless the language of the will itself furnishes the basis of the correction. *The mistakes must be apparent upon the face of the will,* and so apparent that the correction may be made by a proper construction of the terms of the will. Otherwise, there can be no relief." (Emphasis ours.)

The orders appealed from are affirmed, respondent to have his costs.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1940.