Martin CHURCHFIELD, Leo Churchfield, Philip Churchfield, Mary Churchfield Titus and Catherine Churchfield Palmer, heirs and as members of the class of the heirs at law of Katherine Elizabeth Hughes, deceased, Appellants (Defendants below),

Thomas Hammond, Edith Dawdy, Josephine House and Geraldine Vandenberg, legatees and devisees under the Last Will and Testament of Katherine Elizabeth Hughes, deceased, Appellees (Defendants below),

v.

FIRST NATIONAL BANK OF SHERIDAN, Wyoming, Executor of the Estate of Katherine Elizabeth Hughes, deceased, (Plaintiff below).

No. 3528.

Supreme Court of Wyoming.

Oct. 19, 1966.

Halsey, Whitley & Liamos, by Edward S. Halsey, Newcastle, for appellants.

Henry A. Burgess by Robert J. Oberst, Sheridan, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

This appeal involves the interpretation to be given certain clauses of a will where the testament, after devising and bequeathing the whole estate to the spouse, provided:

"THIRD: In the event my husband, Thomas W. Hughes, predeceases me, or dies on the same occasion with me, then I give, devise and bequeath the residue and remainder of my estate as follows:

"(a) One-fifth thereof to my brother, Joe Conlin, and my sister, Agnes Donovan, and to the survivor thereof. ·

"(b) The remainder thereof in equal shares to my nephew and nieces by marriage, namely, Thomas Hammond, Edith Dawdy, Josephine House and Geraldine Vandenberg, or the survivors or survivor thereof."

As the husband of the testatrix predeceased her, this paragraph THIRD of the will became applicable.

The legatees named in (b) above claim that due to the absence of any other provision covering that contingency, the one-fifth of the distributable estate dealt with by clause (a) must pass to them as the named residuary legatees.

Appellants, however, insist that there being absent from the testament any provision for disposition of the one-fifth of the estate upon the failure of the bequest thereof by reason of the death of its beneficiaries, that undisposed one-fifth must pass under the statutory laws of descent and distribution as in cases of intestacy and consequently would entitle appellants to participate therein.

The trial court decided in favor of the legatees named in clause (b) and against the heirs at law of the deceased who were stipulated to be Martin Churchfield, Leo Churchfield, Philip Churchfield, Mary Churchfield Titus and Catherine Churchfield Palmer, all of whom have appealed.

The rules of law heretofore announced by this court which are applicable in a circumstance of this kind and govern the construction and interpretation of the provisions of the last will and testament in this matter include the following:

1. "* * * the intent of the testator must be ascertained alone from the meaning of the words used by him in the purported will. * * *

2. "The statute requiring wills to be in writing precludes ascribing to the testator any intention which he did not express in the instrument itself. * * *" In re Boyd's Estate, Wyo. 366 P.2d 336, 337.

3. "* * * If testator has omitted to provide for the state of affairs which actually has come to pass, the court cannot make the assumption that testator would probably have had a given intention if he had thought of the state of facts which actually existed, and give effect to such probable intention." 4 Page on Wills, Bowe-Parker Revision, § 30.7, pp. 49–50.

So it is that to ascertain the testator's intention we may not read into the will something which the deceased did not write therein, but we can glean only decedent's purpose from what his testament says. 95 C.J.S. Wills § 591, pp. 765, 766.

With respect to the bequests over in the event the husband predeceased the testatrix, the only differences between the provisions in clause (a) and (b) were: (1) Clause (a) disposed of one-fifth of the estate, while clause (b) disposed of the remainder of the estate or the other four-fifths; and (2) Clause (a) bequeathed to two persons who were the testatrix' brother and sister, and clause (b) bequeathed to four persons, who were her nephew and nieces by marriage.

After the execution of the will but before the testatrix passed away, the beneficiaries under clause (a) both died, but the beneficiaries under clause (b) all survived the testatrix. Had all the beneficiaries under both clause (a) and clause (b) preceded the testatrix in death, it would seem that the whole of decedent's distributable estate would necessarily have passed to her heirs at law under our statutes of descent and distribution as in case of intestacy.

Wherein lies the defference when only the one set of legatees have predeceased the testatrix? We fail to fnd any persuasive reason for concluding there is a difference.

Although the successful defendants, considered as appellees herein, contend that clause (b) is a general residuary clause carrying the lapsed clause (a) legacy to those persons named in clause (b), they say that if clause (a) is also to be considered as a general residuary clause, that to give effect to the testatrix' intent the lapsed legacy devolved to the legatees named in paragraph (b), but they fail to explain why. This is unconvincing. We find nothing in the will indicating any intention of the decedent to prefer the legatees under (a) to those under (b) or vice versa. Under the theory thus advanced by appellees, if all the legatees under (b) had preceded the testatrix in death, the legatees surviving under (a) would be entitled to 100 percent of the estate instead of the 20 percent which she willed to them. Can this be said to be the intention of the testatrix who had expressly bequeathed them only one-fifth of her estate? Conversely, may we say it was the intention of the deceased that her legatees surviving under clause (b) should be entitled to 100 percent of the estate when she had expressly willed them only 80 percent?

The simple fact of the matter is that whether through purpose or intent or through mistake or oversight the deceased

made no provision whatsoever for the contingency which resulted from the early decease of a portion of her legatees, and the record before us is devoid of any evidence other than her will itself from which we may discover any intent on her part to provide for disposition of any of the will's legacies which might lapse.

The decision of the trial court must be reversed and its judgment vacated with direction to enter judgment that due to both legatees under clause (a) of paragraph THIRD of the last will and testament of the deceased having preceded the testatrix in death, those legacies lapsed and there being no provision in the will for disposition of such lapsed legacies, the same became subject to descent and distribution under applicable statutes of this State.

Reversed and remanded with directions.