WIGGINTON, Judge.
Respondents have appealed a final judgment appointing a successor trustee under the will of C. Ed Carmichael, deceased, adjudging that the purpose of the trust has terminated and directing that the trust property be distributed to the petitioners as the sole remaining beneficiaries of the trust.
C. Ed Carmichael, a resident of Marion County, executed his last will and testament on May 17, 1940, and died five days thereafter. He was survived by his wife, Helen Carmichael, an adult married son, Weller L. Carmichael, and two other children, Ned and Susan Carmichael, both minors.
The testator owned a substantial estate in Marion County, one of the principal assets of which consisted of property widely known and referred to in the testator’s will as “Silver Springs”. This property produced an annual income under a long term lease entered into between the testator and the operators of the property. It is this parcel of property, and the income derived therefrom, which forms the subject of the controversy now before this court for decision.
The testator, a layman, drafted his own will without the benefit of counsel with the inevitable result that many of its provisions are inartfully expressed, somewhat ambiguous and contradictory, and poorly arranged. By his will the testator, after providing for the payment of his debts, purported to create a trust estate by devising and bequeathing his entire estate to his wife, Helen, and his son, Weller, as testamentary trustees, both of whom were also named as executors of his will. The petition in the case sub judice was brought by Susan Carmichael McIntosh and her brother, Ned Carmichael, children of the testator. They allege that their mother, Helen, and brother, Weller, testamentary trustees under the will of their father, are both deceased and no provision was made in the will for a successor trustee; that their mother and brother, Weller, were life beneficiaries of the income derived from the sole asset remaining in the trust estate and in view of their respective deaths there was no reason why the trust should not be terminated and the remaining asset distributed in accordance with the *239 provisions of the will. Upon consideration of this petition the trial court construed the will of C. Ed Carmichael and held that according to its terms and provisions the widow, Helen Carmichael, and older son, Weller L. Carmichael, were life tenants of the income realized from the lease of the Silver Springs property and that since both are now deceased the trust should be terminated and the assets distributed to the petitioners as the owner of the reversionary interest under the will. The petitioner, Susan Carmichael McIntosh, was appointed successor trustee to execute the necessary conveyances and to terminate the trust in accordance with the court’s judgment.
With respect to the property here in question, the first item of the will contains the following provision:
“a. For and during her natural life, my wife, Helen Carmichael, shall collect the rents accruing or to accrue from the property known as ‘SILVER SPRINGS’, except the One Thousand Dollars ($1,000.00) per year, which is to be paid to my son, Weller L. Carmichael, and after her death, her share to be paid to my two children, Ned and Susan, share and share alike. The reversionary interest in said property to be conveyed to said Susan and Ned Carmichael. The Silver Springs property is not to be sold, but is to stay in tact and handed down from generation to generation.”
From the foregoing provision it is manifestly clear that Helen Carmichael was designated ,as a lifetime beneficiary of the income derived from the lease of the Silver Springs property, except the $1,000.-00 per year which was to be paid to Weller L. Carmichael. It is equally clear that after the death of Helen Carmichael, her share of the income from the lease was to be paid to the testator’s two minor children, Ned and Susan Carmichael, who were devised a reversionary interest in the Silver Springs property. Although the testator’s intent with respect to the manner in which all except $1,000.00 a year of the income from the Silver Springs property bequeathed to Helen Carmichael for her life should be distributed after her death, it is noteworthy that no similar provision is made with respect to further distribution of the Weller Carmichael share of the rental income after his death. Such omission reasonably leads to the conclusion that the testator intended for Weller Carmichael’s distributive share of this income to cease upon his death and thereafter be paid to the owners of the re-versionary interest in the property.
In the next succeeding several paragraphs of the will the testator made specific bequests and devises to his wife and three children, among which is the following:
“I devise, give and bequeath to my son Weller L. Carmichael the grove on the Ocklawaha River, known as the J. W. Grove, also all real property Southwest of the City of Ocala, Florida owned by me at the time of my death, also all personal and real property in the City limits of Ocala, Florida, and the One Thousand Dollars ($1,000.00) per year from the income from Silver Springs, this sum to be in excess of salary.”
From the foregoing provision of the will it appears that in addition to the real and personal tangible property specifically devised to his son, Weller Carmichael, in fee simple, it w.as the intent of the testator that this son should also receive “in excess of salary” the sum of $1,000.00 from the income derived from the lease of the Silver Springs property.
Following the specific bequests and devises to his wife and three children, the testator concluded his will with a residuary clause pertaining to the remainder of his estate not otherwise disposed of by prior provisions of his will. This clause directs his trustees to administer the residuary estate and pay the income therefrom semiannually in equal shares to his wife and *240 three children. This item of the will contains the following provision:
“ * * * In the event of the death of Weller L. Carmichael the said Trustee will pay to his wife Lela Carmichael and two children Virginia Carmichael Pennington and Martha Carmichael Fawn-son [sic], share and share alike, and the interest, right and title of all of the property, whether in this item mentioned or otherwise specified, going to Weller L. Carmichael, shall become vested in the said wife Lela Carmichael and children of the said Weller L. Carmichael, Virginia Carmichael Pennington and Martha Carmichael Fawnson [sic]. >}i % ”
This provision relates only to such portion of the residuary estate which would otherwise be distributable to Weller L. Carmichael if he lives until termination of the trust, but does not have the effect of either restricting or enlarging fee simple or life estates in property which are the subjects of specific devises or bequests made in previous items of the will.[1]
In consideration of the above quoted provisions of the will in light of what appears to be the testamentary scheme of disposition of his property adopted by the testator as gleaned from the will as a whole, we reach the following conclusions. It was the intent of the testator, and he so directed, that the reversionary interest in the Silver Springs property be vested in his two minor children, Ned and Susan Carmichael. The testator’s wife, Helen Carmichael, was designated the lifetime beneficiary to receive for her own use and benefit all of the income realized from the lease of the Silver Springs property, except the sum of $1,000.00 per year which was bequeathed to the testator’s elder son, Weller Carmichael, and that upon the death of the wife, Helen, her share of the income was bequeathed to the minor children of the testator, Ned and Susan Carmichael. The testator intended that his eldest son, Weller, receive $1,000.00 a year out of the income realized from the Silver Springs lease, in addition to the compensation or “salary” he would receive as co-executor of the will. Since the testator tied together in his will the bequest to his son, Weller, of income from the Silver Springs lease with the compensation he would receive as executor, it would appear that he intended that both sources of income would cease upon his death. The devise of property to the wife and children of Weller L. Carmichael in the event of the latter’s death was intended to apply only to Weller’s undistributed share of the residuary estate remaining at the time of his death, and not to property specifically bequeathed or devised to him in other items of the will.
The foregoing is the construction placed upon the will by the trial court, which construction we hold to be reasonable and in conformity with settled principles of law. The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. In re Estate of Rogers (Fla.App.1965), ISO So.2d 167; In re Estate of Akeley, 35 Cal.2d 26, 215 P.2d 921, 17 A.L.R.2d 647.