**Paul P. PERCIVAL et al., Appellants
(Plaintiffs below),**

v.

**Mae H. PERCIVAL and Peggy P. Johnson,
Appellees (Defendants below).**

No. 4367.

Supreme Court of Wyoming.

Sept. 24, 1974.

Donald E. Jones, Jones & Rogers, Torrington, and William A. Taylor, Lusk, for appellants.

Richard S. Dumbrill, Jones & Dumbrill, Newcastle, for appellee Peggy P. Johnson.

No appearance for appellee Mae H. Percival.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

This case involves the interpretation of a will in an action for declaratory judgment. In the will of Garth D. Percival, a provision was contained in the dispositive portion which reads:

"SECOND. I give, devise, and bequeath to my wife, Edna Verona Percival all my property, both real, personal and mixed, wherever situate or being, to have and to hold and enjoy the use thereof for and during the term of her life, and after her death the same to be equally divided among my children, or the survivor or survivors of them if any be deceased at the time of my wife's death, viz:

    Garth D. Percival, Jr.
    Roger K. Percival
    Paul P. Percival
    Ella Percival Rogers
    Flora Alice Percival"

The testator, Garth D. Percival, died in 1944. Edna Verona Percival, his widow, is still alive, as are all the children of Garth D. Percival, with the exception of Garth D. Percival, Jr., who died in 1960. Garth D. Percival, Jr., left a surviving widow, Mae H. Percival, and a daughter, Peggy P. Johnson, defendants and appellees. The testator died possessed of real property

consisting of ranch lands of 3,531 acres which are the subject of this action. The declaratory judgment complaint asserted that the defendants claim some right, title and interest in and to the said real property, but that upon the death of Garth D. Percival, Jr., his rights became extinguished and that his heirs have no right, title or interest under the terms of the will.

The judgment and decree of the trial court found that it was the intention of the testator that the issue of his children take the property of their parent if their parent predeceased Edna Verona Percival and that Peggy P. Johnson as survivor and issue of Garth D. Percival, Jr., had some interest in and to the subject lands, and the court could make no further finding or ruling under the present state of the facts and so long as the life tenant is still living. It also found that the defendant Mae H. Percival had no interest in the property.

The last sentence of the first paragraph of the THIRD provision of the will reads:

"After twenty years from the date of my death, if my wife is not then living, the property then remaining may be sold or otherwise disposed of and the proceeds, or said property, equally divided between my *heirs.*" [Emphasis supplied.]

A second paragraph in the THIRD provision of the will provides for the children to purchase the real estate, with the oldest child having the first right. It is then specified:

"If he or she refuses or fails to exercise such right within thirty days after notice from any other *heir*, then the right to purchase shall be in the next oldest child and so on until each successively shall have had an opportunity to purchase said real estate and livestock. The purchase price shall be the value of said real estate and livestock as determined by a majority of the then living children. Provided, however, if my wife is living at the end of said twenty year period then said property shall not be disposed of until after her death, except in the regular course of ranch business." [Emphasis supplied.]

Particular attention is directed to those places in the will where we have caused the words "heirs" and "heir" to be emphasized. Although such words are not given special emphasis in the will itself, appellees insist they denote an intention on the part of the testator for children of his children to take the share of their parent if their parent predeceases Edna Verona Percival, widow of the testator. The will itself does not so provide in express language, and we find no basis for reading that into it.

The first of the children of the testator to die was the oldest child, Garth D. Percival, Jr. When he died, he left as his heirs Mae H. Percival, his widow, and Peggy P. Johnson, a daughter, defendants in this case. These persons are also appellees by virtue of the fact that the trial court decided in their favor.

█ It is settled law in Wyoming that courts may not read into a will something which deceased did not write therein, in order to ascertain *testator's intent, but can glean his purpose only from what his testament says.* Churchfield v. First National Bank of Sheridan, Wyo., 418 P.2d 1001, 1003. See 95 C.J.S. Wills § 591, pp. 765, 766.

Although it is true courts will go far to give effect to written testamentary instruments, they have no authority to make wills for those who have not done so. In re Boyd's Estate, Wyo., 366 P.2d 336, 337. See 4 Bower-Parker: Page on Wills, § 30.7, p. 40, note 8; and 1972–1973 supplement thereto. It follows from this that courts have no authority to add provisions to a will which the testator did not incorporate.

█ Under Wyoming law, the intention of a testator is to be ascertained if at all possible from the meaning of all words used in the context of the entire will. In re Ogburn's Estate, Wyo., 406 P.2d 655, 658; Taggart v. United States, D.C., 306 F.Supp. 430, 431–432, aff'd, In re Rennie's Estate, 10 Cir., 430 F.2d 1388.

■ From the cases cited, we conclude the intent of a testator is to be ascertained alone from the meaning of words used by him in his will; and the courts may not read into a will something which deceased did not write therein. It is important to note also, as stated in the *Churchfield* case, that our statute which requires wills to be in writing precludes ascribing to the testator any intention which he did not express in the instrument itself.

■ We agree with appellees that the various parts of Percival's will are to be construed in pari materia. In our opinion, however, that does not justify our reading into the will language which would be necessary in order to accomplish the result of the trial court and the result contended for by the appellees. As we view the situation, there is nothing ambiguous or unclear in these words:

"* * * and after her death the same to be equally divided among my children, or the survivor or survivors of them if any be deceased at the time of my wife's death, viz:

Garth D. Percival, Jr.

Roger K. Percival

Paul P. Percival

Ella Percival Rogers

Flora Alice Percival"

Thus, we must glean the testator's purpose from the words contained in the dispositive portion of his will. We cannot go outside the will, in order to glean or speculate on what the testator's intention was; and in the absence of language that would contradict or qualify the bequest to the testator's children, or the survivor or survivors of them, we cannot supply such language.

Appellees attempt to argue the decree of distribution in the Estate of Garth D. Percival supports their interpretation of his will. We have read and re-read that decree and find nothing therein to justify the claim made. When the decree referred to was entered in 1945, Garth D. Percival, Jr., was alive. He was executor and the one who petitioned for distribution. There would be no reason for the probate judge at that time to adjudicate the question which is now before us, and he did not do so.

It is clear that no determination can be made as to the heirs under the will while the life tenant is still living, and the trial court was correct in that determination and that Mae H. Percival had no interest. However, that portion of the judgment and decree holding that the issue of the testator's children who predeceased Edna Verona Percival take the share of their parent and that Peggy P. Johnson had an interest in the lands under the terms of the will must be reversed.

Affirmed in part, and reversed in part, consistent with this opinion.