Mrs. R. M. KORTZ, Appellant (One of defendants below), (James A. Anselmi, Executor of the Estate of Ted S. Johnson, Deceased, and Mrs. H. J. Ball, other defendants below)

v.

The AMERICAN NATIONAL BANK OF CHEYENNE, Wyoming, Administrator With the Will Annexed of the Estate of Lillian B. Butler, Deceased, Appellee (Plaintiff below).

No. 4765.

Supreme Court of Wyoming.

Dec. 1, 1977.

William L. Wiesman, Owensboro, Ky., and Franklin J. Smith, Cheyenne, for appellant.

James P. Horiskey, of Rooney, Horiskey, Bagley & Hickey, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal concerns the timeliness of an objection to the probate of a will and the interpretation of that will in an action for declaratory judgment. We will affirm the court's judgment holding appellant's objection to probate to be untimely, but will reverse the court's construction of the will's distributive provisions.

On August 4, 1976, appellee, as administrator with the will annexed of the estate of Lillian B. Butler, filed a complaint asserting an ambiguity in the distributive provisions of the Ted S. Johnson will and seeking a declaratory judgment thereon. Ted S. Johnson died on September 17, 1975, and his will was admitted to probate on November 21, 1975. Lillian B. Butler, a residuary legatee under the Johnson will, died February 24, 1976. Appellee's complaint alleged that the language of the Johnson will was ambiguous since it failed to dispose of the testator's entire estate and was contrary to the testator's purported intention to do so. The distributive provisions in question are as follows:

"THIRD: I hereby give, bequeath and devise one-half of my money and estate of which I may die seised and possessed, both real, personal and mixed, of every kind[,] character and description whatsoever and wheresoever situate to my daughter, MRS. R. M. KORTZ, 703 West 2nd[,] Owensboro, Kentucky, to be hers absolutely and forever, if she shall survive me.

"FOURTH: I hereby give, bequeath and devise ½ of the balance of my money and estate of which I may die seised and possessed, both real, personal and mixed, of every kind, character and description whatsoever and wheresoever situate to

MRS. H. J. BALL, 621 A. Nectarine Street, Inglewood, California to be hers absolutely and forever, if she shall survive me.

"The remainder of my estate shall be divided as follows among the following people.

"FIFTH: I hereby give bequeath and devise one-quarter of the balance of my money and estate of which I may die seised and possessed, both real, personal and mixed, of every kind, character and description whatsoever and wheresoever situate to THE CANCER SOCIETY to be theirs absolutely and forever.

"SIXTH: I hereby give, bequeath and devise one-half (½) of the balance of my money to LILLIAN BUTLER to be hers absolutely and forever."

On September 8, 1976, Johnson's daughter, the appellant herein, filed an answer asserting that the aforementioned instrument was not the last will of Johnson; that the page containing the residuary distributive provisions had been substituted; and that, in the event said page was retained as part of the Johnson will, the portion of decedent's estate which was undisposed of in the will should pass by intestacy. The matter came on for hearing, resulting in the judgment now before the court, which found that the appellant's challenge to the Johnson will was untimely under §§ 2–83 and 2–89, W.S.1957, 1975 Cum.Supp.[1] The court further found that the testator clearly intended to dispose of his entire estate under the will, and, therefore, the fractions contained in paragraphs FIFTH and SIXTH, being, on the whole, ambiguous, should be disregarded and replaced with the fractions of one-third and two-thirds, respectively. The result of the court's finding

1. Section 2–83, W.S.1957, 1975 Cum.Supp., provides:

"Probate may be contested within three months; filing and contents of petition to revoke—(a) After a will has been admitted to probate, any person interested may, at any time within three months after such probate, contest the same or the validity of the will. For that purpose he or she must file in the court in which the will was proved a petition in writing, containing his allegations against

the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

Section 2–89, W.S.1957, 1975 Cum.Supp., provides:

"Probate conclusive after three months.— (a) If no person, within three months after the admission to probate of a will, contest the same or the validity thereof, the probate of the will is conclusive."

of ambiguity was to distribute one-third of the testator's residuary estate to the Cancer Society and two-thirds of the residuary estate to Lillian Butler. A literal reading of the testator's will would, however, leave a portion of the residuary estate undistributed.

■ Appellant argues that § 2–89, supra, which deems the probate of a will conclusive, if not challenged within three months after admission of the will to probate, does not apply where purported defects in a will are observable only upon actual examination of the will which is filed for probate. Appellant's argument is without merit, and since it fails to cite cogent authority we must assume none was found. *Nation v. State ex rel. Fire Fighters Local 279, I.A. F.F.*, Wyo., 518 P.2d 931, 933 (1974). Suffice it to say, appellant's contention is in direct contradiction to the plain and unambiguous language of § 2–89, supra. Since we hold that appellant's challenge to the Johnson will was untimely, we need not reach the merits of that challenge.

It is incumbent upon us, however, to consider appellant's argument with respect to the court's interpretation of the distributive features of the Johnson will. This issue was raised within the framework of appellee's action for a declaratory judgment and is, therefore, unrelated to the appellant's untimely challenge to the probate of the will in question. The question being properly before us, our task is two-fold. We must decide:

(1) whether the language of the Johnson will is ambiguous and, therefore, subject to interpretation; and

(2) if so, how should Johnson's estate be distributed?

In fulfilling these tasks, we are guided by relevant applicable principles of law.

■ First, in the consideration of a will, the intention of the testator must govern. *Hammer v. Atchison*, Wyo., 536 P.2d 151, 155 (1975); *In re Gilchrist's Estate*, 50 Wyo. 153, 58 P.2d 431, reh. den. 50 Wyo. 153, 60 P.2d 364 (1936). In ascertaining the testator's intention, it is not for us to read into the will something which the deceased did

not place there. We can only glean decedent's intent and purpose from what his testament says. *Churchfield v. First National Bank of Sheridan*, Wyo., 418 P.2d 1001, 1003 (1966). See *Hammer v. Atchison*, supra; and *Percival v. Percival*, Wyo., 526 P.2d 342, 343 (1974). Under Wyoming law, the testator's intention is to be ascertained if at all possible from the meaning of all words used in the context of the entire will. *Percival v. Percival*, supra. We have declined to supply words for a testator where the will is clear and unambiguous. *In re Lendecke's Estate*, 79 Wyo. 27, 329 P.2d 819, 822 (1958); and *Slover v. Harris*, 77 Wyo. 295, 314 P.2d 953 (1957).

Appellant contends that the Johnson will is clear and unambiguous and, therefore, not subject to interpretation, the effect of which argument is to find a portion of the estate to be undistributed by the will. Appellee, on the other hand, points to the introductory residuary language, which provides: "The remainder of my estate shall be divided as follows among the following people.", as evidence of the testator's intent to dispose of all his residuary estate to the listed legatees. It is further urged by the appellee that when this exhibited intent is laid side-by-side with the specific portions bequeathed to the listed legatees—which total less than the entire residuary estate— an ambiguity is created. We disagree. There is no ambiguity which opens the door to interpretation and the application of a distribution formula not provided in the instrument itself.

■ In *In re Lendecke's Estate*, supra, we found an ambiguity existed in a will which provided that *all* of a testatrix's estate was to be bequeathed to listed legatees. The will specified that each legatee was to receive a specified amount of cash— totalling less than the entire estate available for distribution—but did not provide for any disposition of the residue. In pointing out the ambiguity, we said:

"The question before us is, What did the testatrix mean in the second paragraph of her will? To state the problem

more specifically, Did she intend the beneficiaries named in the will to receive only the amounts which she specified, or did she by using 'all' and related words intend that the named beneficiaries receive her *entire estate*—notwithstanding the recitation of an amount of money following the name of each beneficiary? A preliminary reading of the will's second paragraph discloses that the statements therein are in serious conflict. If we are to say that *all* of the estate passed to the beneficiaries named therein, then we must as a corollary hold that the designation of the amounts listed constituted no limitations, but were in fact meaningless. On the other hand, if we say that the *amounts* listed are controlling, we thereby render nugatory the testatrix' use of the word '*all.*'

\* \* \* \* \* \*

". . . As we have pointed out, the provisions of the *Lendecke* will giving *all* of the estate to named beneficiaries is wholly inconsistent with the listing by her of the amounts which each beneficiary was to receive. We must, therefore, ascertain whether one of these two provisions is superior to the other and prevails over that which is subordinate or whether these two contradictory provisions are of equal force so as to be irreconcilable, thereby causing the failure of all the bequests in the will." [Footnote omitted] 329 P.2d at 821–822.

The residuary clause, in the present case, does not make an express declaration that *all* of the testator's residuary estate was to be distributed to the listed legatees. It says, the remainder "shall be divided *as follows* among the following people," and then goes on to distribute only a portion of the residuary estate. The specific distributive clauses are not, therefore, wholly inconsistent with the general residuary clause and there is no ambiguity created by the plain wording of the instrument which authorizes such interpretation as is contended for by the appellee.

■ Appellee relies on the case of *In re Akeley's Estate*, 35 Cal.2d 26, 215 P.2d 921,

17 A.L.R.2d 647 (1950) for the proposition that in ascertaining a testator's intention, presumptions are to be indulged which will prevent entire or partial intestacy, particularly when a residuary clause is under consideration. This presumption against intestacy, however, will not prevail where the language of the will discloses a contrary intention *or is insufficient to carry the whole estate*, nor can it alter a plain meaning. 80 Am.Jur.2d, Wills, § 1176. As pointed out by Justice Traynor, in a well-reasoned dissent to *In re Akeley's Estate*, supra, at 215 P.2d 924:

"In the fifth clause of her will, the testatrix made three bequests, each representing 25% of her residuary estate. 25% thus remained unbequeathed. It is immaterial whether the omission of a fourth beneficiary was intentional or inadvertent; obviously the court cannot add a beneficiary. Likewise it cannot increase the amount of the bequests; the will specifies 25% and there is no evidence that 33⅓% was intended. The introductory clause, 'all the rest, residue and remainder of my estate I give and bequeath as follows', designates the fund from which the bequests were to be paid. The legatees and quantum thereof were specified 'as follows'; there were three legatees, and each was to receive one-fourth of the fund. There is no evidence that testatrix intended that they should also receive proportionate shares of the remaining one-fourth of the fund.

"In reading such an intention into the will the majority opinion relies on the presumption against intestacy. There is, however, 'no room for application of the rule [against intestacy] if the testator's language, taken in the light of surrounding circumstances, will not reasonably admit of more than one construction. A court's inquiry in construing a will is limited to ascertaining what the testator meant by the language which he used. If he used language which results in intestacy, and there can be no doubt about the meaning of the language which was used, the court must hold that intestacy was

intended.' *In re Estate of Beldon*, 11 Cal.2d 108, 112, 77 P.2d 1052, 1053; *In re Estate of Hoytema*, 180 Cal. 430, 432, 181 P. 645; *In re Estate of Lyons*, 36 Cal. App.2d 92, 95, 96 P.2d 1018; *In re Estate of Sullivan*, 31 Cal.App.2d 527, 529–530, 88 P.2d 225; *In re Estate of Maloney*, 27 Cal.App.2d 332, 336, 80 P.2d 998."

We hold that the language of the Johnson will is clear and unambiguous. As a result, the testator intended a portion of his residuary estate to pass by intestacy. The language of residuary paragraphs FIFTH and SIXTH discloses that the Cancer Society is to receive one-quarter of the *property and money* remaining after the payment of debts and specific bequests, or one-sixteenth of the estate. Lillian Butler, in turn, is to receive one-half of the *money*, if any, remaining after payment of debts, specific bequests and the Cancer Society bequest, or three thirty-seconds of the money remaining in the estate. This leaves three thirty-seconds of the money and three-sixteenths of all other property in the estate undistributed. We note a distinction between the assets bequeathed to these residuary legatees, since the bequest to Lillian Butler refers only to money. There is no basis for the trial court to vary these bequests, even though a portion of the testator's residuary estate must thereby pass by intestacy.

Even if we were to conclude that there is an ambiguity in the Johnson will, Wyoming case law would not allow us to engage in the juggling of fractions such as is suggested by appellee and endorsed by the majority of the California court in *In re Akeley's Estate*, supra. In *In re Lendecke's Estate*, supra, at 329 P.2d page 882, we cite with approval the general rule which says:

" ' * * * Where there is an inconsistency between a general and a specific provision, the latter will prevail. Those parts which are expressed with technical precision may be regarded as declaring the testator's intention with greater certainty than those which are less formal. By analogy to the rule of interpretation applied in the matter of description of land, where distance and direction must yield to monuments, as between an inaccuracy in stating the details of the method of reaching a result and in the express statement of the result itself, the former is the more probable.

\* \* \* \* \* \*

" 'Where there is an inconsistency between a general and a specific provision, the latter will prevail * * * regardless of the order in which it stands in the will, but especially where the specific follows the general.' "

We went on in that case to resolve the ambiguity in favor of an interpretation to the effect that the testatrix intended her beneficiaries to receive the specified amount—no less and no more.

The judgment of the court is affirmed in part and reversed in part, and the matter is remanded for entry of a judgment consistent with this opinion.