Mrs. R. M. KORTZ, Appellant (One of defendants below),

(James A. Anselmi, Executor of the Estate of Ted S. Johnson, Deceased, and Mrs. H. J. Ball, other defendants below)

v.

The AMERICAN NATIONAL BANK OF CHEYENNE, Wyoming, Administrator With the Will Annexed of the Estate of Lillian B. Butler, Deceased, Appellee (Plaintiff below).

No. 5031.

Supreme Court of Wyoming.

March 2, 1979.

the express language of the will. In doing so, we observed:

"... The language of residuary paragraphs FIFTH and SIXTH discloses that the Cancer Society is to receive one-quarter of the *property and money* remaining after the payment of debts and specific bequests, or one-sixteenth of the estate. Lillian Butler, in turn, is to receive one-half of the *money,* if any, remaining after payment of debts, specific bequests and the Cancer Society bequest, or three thirty-seconds of the money remaining in the estate. This leaves three thirty-seconds of the money and three-sixteenths of all other property in the estate undistributed. We note a distinction between the assets bequeathed to these residuary legatees, since the bequest to Lillian Butler refers only to money. There is no basis for the trial court to vary these bequests, even though a portion of the testator's residuary estate must thereby pass by intestacy." [Emphasis in original text] 571 P.2d at 989.

On remand, the trial court entered an amended judgment directing that the remainder of the estate be distributed as follows:

"(a) That one-fourth of the balance remaining of the money and estate, shall be, and is hereby, set over and distributed to The Cancer Society.

"(b) That one-half of the balance of the money as computed after liquidation of stocks and bonds in ¶ 2 above and after payment of all sums provided in ¶¶ 3, 4, and 5(a) above shall be, and are hereby, set over and distributed to the American National Bank, administrator of the estate of Lillian B. Butler, deceased.

"(c) The remainder, consisting of money and personal effects shall be set over and distributed to Mrs. R. M. Kortz, daughter of the testator, in

William L. Wiesman, Owensboro, Ky., and Franklin J. Smith, of Pattno & Smith, Cheyenne, for appellant.

James P. Horiskey, of Horiskey, Bagley & Hickey, Cheyenne, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

This is the second appeal concerning the distribution provisions of the Ted S. Johnson will. In the first action, we held that the Johnson will was clear and unambiguous with respect to the testator's intention that a portion of his residuary estate pass by intestacy. *Kortz v. American National Bank of Cheyenne,* Wyo., 571 P.2d 985 (1977). As a result, we remanded the case for entry of a judgment in accordance with

---

* At the time this case was submitted on briefs (oral argument having been waived), Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

accordance with the laws of descent and distribution in the State of Wyoming."

Paragraph 2 of the amended judgment directed that all stocks and bonds in the estate be reduced to cash. Paragraph SECOND of the Johnson will provided:

"I hereby direct that all of my stocks and bonds be converted into cash at the present market value. These stock certificates are located in the safe of Mr. Howard Hanson of the Plains Hotel."

Appellant contends that the trial court's judgment fails to recognize the distinction in the Johnson will between "property and money" and "money," and argues that the Estate of Lillian Butler should only have received one-half of the remaining money *prior to* liquidation of Johnson's stocks and bonds. We will affirm the trial court's amended judgment.

In the first *Kortz* decision, we noted that the testator's intention is to be ascertained if at all possible from the meaning of all words used in the context of the entire will, citing *Percival v. Percival,* Wyo., 526 P.2d 342 (1974). Appellant would have us look only to the fact that the testator used the words "property and money" when referring to the Cancer Society bequest and the word "money" when referring to the Butler bequest. Appellant reasons that since "money" generally does not include bonds or other items of personal and real property, and since a will generally speaks as of the time of the testator's death, the Butler Estate should only receive a portion of the cash on hand when the testator died. Stated differently, appellant contends that the Butler Estate should not receive monies which represented the proceeds of a sale of the testator's stocks and bonds.

 While the word "money," when used in a will, is often construed in its narrow sense as cash on hand or on deposit in a bank, it will be construed in a broader sense where the context of the will or circumstances surrounding its execution require that it be so interpreted. 96 C.J.S. Wills § 779, at 186. In this case, the word "money" must be interpreted as including

the proceeds from the sale of the testator's stocks and bonds. See, *Zahn National Bank of Commerce of Dallas,* Tex.Civ.App., 328 S.W.2d 783, 792–793 (1959). The testator directed that his stocks and bonds be converted to cash. There is no indication that the testator intended this direction to be other than imperative. Compare, *Matter of Estate of Morgan,* Wyo., 568 P.2d 892 (1977), where we held it was not necessary to carry out a testator's direction to sell certain real property in order to carry out the testator's distributive intent. We hold, therefore, that the trial court was correct when it determined that the testator intended Lillian Butler's share of money remaining in the estate to include proceeds from the sale of testator's stocks and bonds.

Affirmed.