[Civ. No. 7516. Third Dist. Mar. 2, 1949.]

Estate of JOSEPH UPHAM PEARSON, Deceased. HELEN HANSEN, Appellant, v. PEARSON HENDERSON, as Executor, etc., Respondent.

Manwell & Manwell for Appellant.

Rich, Weis, Carlin & Fuidge for Respondent.

PEEK, J.—This is an appeal from the decree settling the first account of the executor of the Last Will and Testament of Joseph Upham Pearson, deceased, and from the order for partial distribution. Particularly the appellant attacks that portion authorizing the executor to deduct the amount of the inheritance tax due the State of California, as well as the prorata share of the federal estate tax from the property which the executor proposed to distribute to said appellant Helen Hansen under the terms of the will.

The decedent by subparagraph (a) of paragraph third of his will dated December 10, 1941, devised to appellant certain real property comprising his home and residence with the following provision, to wit:

"Said real property and premises herewith devised shall be free and clear of all liens of any kind and character and description, and if there are any such liens at the time of my death, the same shall be first paid and discharged by my executor before the payment or distribution of any other bequests and devises hereinafter provided."

In subparagraph (b) of paragraph third the testator also devised and bequeathed to appellant all of his jewelry where-ever situated and all of the furniture and furnishings and personal property located in his said home, and in subparagraph (c) of paragraph third he gave to her an interest in certain sums due him under a lease and contract of sale of certain lands. In a subsequent codicil dated January 23, 1946, he modified this latter bequest, and by a second codicil dated approximately eight months thereafter the testator bequeathed appellant the sum of $15,000 in cash in lieu of the sum provided in the previous codicil. Nowhere in said subparagraphs (b) or (c) or in either of said codicils is there any provision similar to that contained in subparagraph (a) of paragraph third.

Appellant contends that the language appearing in the will that "said real property and premises herewith devised shall

be free and clear of all liens of any kind and character and description'' evidences an intent of the testator that she should receive all of the property devised to her without deduction of the state inheritance tax or its prorata share of the federal estate tax. In answer thereto respondent in effect argues that at most the provision in question could only be applicable to liens against the real property in existence at the time of the testator's death, such as mortgage liens or other evidence of indebtedness but not the liens, if any, attaching by virtue of federal estate or state inheritance taxes.

The inheritance tax provided for in section 13401 et seq. of the Revenue and Taxation Code becomes due and payable at ''the date'' of the transferor's death (§ 14102) and is declared to be a lien upon the interest transferred (§ 14301). Under section 14121 the executor is directed to collect the tax from the transferee and said section further provides that he shall not deliver the property until he deducts or collects the tax. The applicable federal statute (53 Stats. 127, 26 U.S.C.A. § 822) provides that the federal estate tax is due and payable 15 months after the decedent's death and is a lien upon the gross estate of the decedent (53 Stats. 128, 26 U.S.C.A. § 827) which lien, by judicial interpretation (*Detroit Bank* v. *United States,* 317 U.S. 329 [63 S.Ct. 297, 87 L.Ed. 304]) likewise attaches at ''the date'' of the decedent's death. Section 970 of the Probate Code which was added in 1943 directs the executor to prorate the federal estate tax among the various distributees who have received property contributing to liability for that tax unless otherwise directed by the will of the testator.

It may be said that where a trial court has interpreted a will and such an interpretation appears to be reasonable and consistent with the intent of the testator, a reviewing court will not substitute a different conclusion even though it may be as clearly tenable as the one attacked (*Estate of Sullivan,* 86 Cal.App.2d 890 [195 P.2d 894]), but as the interpretation of a will presents a question of law a reviewing court is not bound by the conclusion of the trial court. (*Estate of Welch,* 83 Cal.App.2d 391 [188 P.2d 797].) Thus, where the converse of such a situation obtains it becomes the duty of an appellate court to interpret the document independently of the construction placed upon it by the trial court. (*Estate of Norris,* 78 Cal.App.2d 152 [177 P.2d 299].)

Turning to the said provision of the will it seems clear that the testator's intent was that appellant should receive

the real property free and clear of all liens, since the provision by its terms is applicable only to the devise of the real property and by its context is not applicable to the bequests of personal property. To this extent we agree with respondent's contention but we cannot agree with his further argument that the liens created by the applicable taxing statutes are not such liens as were contemplated by the testator.

Neither the phrase ''at the time of my death'' as stated in the will, nor ''at the date of death'' as provided in the federal and state taxing statutes, appear to be wholly irreconcilable to one another. Possibly the phrase as used in the will is neither as clear nor as precise as it could be. However, that should not be allowed to defeat what appears to this court to have been the clear intent of the testator—that the petitioner herein should receive his home free and clear of all liens at the time of his death which, in accordance with such interpretation, would include the liens of both federal estate and state inheritance taxes as well as other evidences of incumbrance.

██ Appellant lastly attacks section 970 of the Probate Code as an attempt by the Legislature to place the burden of the federal estate tax upon the beneficiaries and thus make it an inheritance tax which appellant contends violates the Fourteenth Amendment to the Constitution, stating that for the State of California to thrust a federal tax upon the beneficiaries of an estate where other states do not, is neither uniform nor fair to the citizens of California. With this contention we cannot agree. As was said in *Security First National Bank* v. *Wellslager*, 88 Cal.App.2d 210, 213 [198 P.2d 700]:

''Similar statutes have been enacted in other states. Their purpose is to apportion equitably the burden of the tax so that it is borne commensurately by those whose gifts contribute to the tax burden and there is eliminated from such burden all whose legacies do not in any way create or add to the tax. (*Re Harvey's Estate*, 350 Pa. 53 [38 A.2d 262].) The right of the states to enact legislation apportioning the estate tax burden has been upheld. (*Riggs* v. *Del Drago*, 317 U.S. 95, 97-98 [63 S.Ct. 109, 87 L.Ed. 106, 111, 142 A.L.R. 1131].)''

In referring to practically identical apportionment legislation in the State of New York the U. S. Supreme Court in the Riggs case, *supra*, which was relied upon in the Security First National Bank case, *supra*, stated that ''Nor does the fact that the ultimate incidence of the federal estate tax is governed by state law violate the requirement of geographical

uniformity. *Cf. Phillips* v. *Commissioner of Internal Revenue,* 283 U.S. 589, 75 L.Ed. 1289, 1300, 51 S.Ct. 608.''

From our interpretation of the will as stated above it necessarily follows that in determining the amount of state inheritance and federal estate taxes which the executor was authorized to deduct from the share of the estate distributed to appellant, the value of the real property so devised cannot be considered.

The order herein attacked is annulled and the cause is remanded to the trial court to enter a new and different order in accordance with the views herein expressed.

Adams, P. J., and Thompson, J., concurred.