[Civ. No. 25578. First Dist., Div. Three. Mar. 12, 1970.]

Estate of MAE C. FROMM, Deceased.
GORDON M. SEELY, JR., Plaintiff and Respondent, v.
AUGUST J. FROMM, Objector and Appellant.

■■■■■■■■

COUNSEL

Wagstaffe, Daba & Hulse, Gerard Wagstaffe and Norman S. Menifee for Objector and Appellant.

Hession, Robb, Creedon, Hamlin & Kelly and Francis J. Stillman for Plaintiff and Respondent.

OPINION

BROWN (H. C.), J.—This is an appeal from a judgment determining the respective interests of August Fromm and Gordon Seely, Jr., in the estate of Mae C. Fromm, deceased, under the terms of her will.

Mae Fromm executed her will on October 30, 1962, and a codicil in June of 1964. She had two children, a daughter Helen F. Dillon, and a son August J. Fromm. August J. Fromm is the appellant and Gordon Seely, Jr., the son of Helen Seely Dillon by her first marriage, is the respondent.

Mae Fromm died testate on November 3, 1964. Her will, after naming a number of beneficiaries for specific bequests, contains provisions relating to the disposition of the residue of her estate as follows:

"FOURTH: I do give, devise and bequeath one-half of all of the rest and residue of my estate, of whatever kind or character and wheresoever situate,

to Gordon M. Seeley [*sic*], Jr., as trustee, in trust however, for the following uses and purposes:

"To pay to my daughter, Helen F. Dillon, during her lifetime, the income from said estate and trust together with such portion of the principal of the trust as my said trustee shall in his sound discretion deem advisable for the best interests and welfare of my said daughter, Helen F. Dillon.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"FIFTH: I do give, devise and bequeath the remaining one-half of all of the rest and residue of my estate, of whatever kind or character and where-soever situate, to August J. Fromm.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"SEVENTH: In the event of the death of either of my children, Helen F. Dillon and August J. Fromm, I do direct that the share of either of said children herein provided shall then go to Gordon W. Seeley [*sic*], Jr., includ-ing therein such portion of the trust hereinabove created for the benefit of Helen F. Dillon as may remain at the time of her·death.

"It is my express wish and desire that my estate be eventually distributed solely to blood relatives and that no portion of the residue of said estate be or become the property of either of the respective spouses of either of my said children."

It was stipulated that the trust with power to invade the corpus was only a life interest in favor of Helen and that respondent Gordon M. Seely, Jr., would be entitled to whatever remained of said trust at the death of his mother, Helen.

Gordon's petition to the trial court urged that paragraph seven, set forth above, compelled the finding that August was entitled only to a life estate in one-half of the residue and that Gordon also take the remainder upon the death of his uncle, August.

The trial court agreed with respondent's interpretation.

Appellant contends that the trial court erred in its interpretation of the will and that the provision in paragraph five of the will was not intended to, nor did it in fact, create a life estate. Rather, appellant contends that his mother's intent was that he receive one-half of the remainder of her estate without qualification. Appellant argues that the provision in para-graph seven was, in fact, merely a contingent devise to be effective only if appellant predeceased his mother and is controlled by the specific language in paragraph five.

The court permitted the introduction of extrinsic evidence in the interpretation of the will. This evidence disclosed that respondent was a professor at a state college and lived on a modest income. The appellant was affluent and had a prosperous dental practice, as well as substantial real property interests. Mae Fromm, at the time of making her will, was aware of the financial circumstances of both her son, August, and her grandson, Gordon. She had a high degree of affection for both. The attorney who prepared the will testified that she directed him to "prepare a will which would divide the residue into two equal portions, one portion to go to Dr. Fromm, who was her son, without any strings attached to that portion." She also gave directions to the effect that she did not want the spouses of her son and daughter to share in her estate and that she wanted to equalize the two shares of the estate by taking into consideration the joint tenancy property. The attorney also stated that the deceased wanted August's share to go eventually to his son, Peter Fromm, and that Helen's share should eventually go to her son, Gordon Seely, Jr.

We agree with appellant's contention. ■ Before giving our reasons, we direct attention to the language of the court in *Estate of Russell,* 69 Cal.2d 200, 213 [70 Cal.Rptr. 561, 444 P.2d 353], relating to the power and duty of an appelate court's function in interpreting the intentions of a testator wherein it was stated: "Finally, before taking up testatrix' will, we add a brief word concerning our proper function on this appeal. This function must subserve the paramount rule that the 'will is to be construed according to the intention of the testator.' . . . ■ As we said in *Parsons v. Bristol Dev. Co., supra,* 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839], it is 'solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence.' . . . Accordingly, 'an appellate court is not bound by a construction of a document based solely upon the terms of the written instrument without the aid of extrinsic evidence, where there is no conflict in the evidence, or a determination has been made upon incompetent evidence. [Citations.]' [Citations.]"

Here the terms of the will are clear and the extrinsic evidence is not conflicting. We, therefore, feel free to make our own interpretation of the intention of the testator, as expressed in the will and from the extrinsic evidence.

The trial court was not persuaded by the testimony of the attorney as to the textratrix's intentions and found that the provisions in paragraphs five and seven were inconsistent and ambiguous and that paragraph seven, being subsequent, controls.

The reasoning of the trial court finds support in Probate Code section 103 which provides: "Where the meaning of any part of a will is ambiguous

or doubtful, it may be explained by any reference thereto, or recital thereof, in another part of the will. All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole; *but where several parts are absolutely irreconcilable, the latter must prevail.*" (Italics added.)

The record reveals that the trial court placed emphasis on the last clause of the above-quoted section. In both the memorandum opinion and the findings of fact, the court states that its decision is based, at least partly, on the fact that paragraph seven, being latter, must prevail over paragraph five.

But here we do not have parts of a will which are irreconcilable. The language of the testator in paragraph five "I do give, . . . the remaining one-half of all of the rest and residue of my estate, . . . to August J. Fromm" is clear, absolute and unqualified. Paragraph seven is not so clear. While it is subject to the interpretation given by the trial court, it is also subject to the interpretation that the testator intended it to mean that respondent was to receive the share given to appellant only upon the contingency that appellant predeceased her.

It is settled that when the words of a will indicate an intent to make a clear gift or devise, as here, such gift is not to be eliminated by any subsequent provision in the will which is of indefinite or doubtful expression. (*Estate of Richards,* 154 Cal. 478, 492 [98 P. 528].)

Section 104 of the Probate Code provides: "A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, *or by any other words not equally clear and distinct,* or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will." (Italics added.)

It is a fundamental rule of construction that when a phrase used in a will is neither as clear or precise as it could be, said phrase should not be allowed to defeat what appears to have been the intent of the testator. (*Estate of Pearson,* 90 Cal.App.2d 436, 439 [203 P.2d 52].) Where a bequest is phrased in clear and distinct language, a defeat of said bequest may be effected only by express language equally as clear and distinct. (*Estate of Dubois,* 94 Cal.App.2d 838, 842 [211 P.2d 895].)

As appellant notes, the California Supreme Court, in *Estate of Marti,* 132 Cal. 666, 672 [61 P. 964, 64 P. 1071], stated the rule now found in Probate Code section 104. The court there would not let an absolute devise be limited by subsequent wording in a will which was not equally clear. Furthermore, in *Estate of Kearns,* 36 Cal.2d 531, 534 [225 P.2d 218], the court stated that "[t]he authorities all agree that where, as here, an absolute

estate has been conveyed in one clause of a will, it will not be cut down or limited by subsequent words except such as indicate as clear an intention therefor as was shown by the words creating the estate. [Citation.]" (See also *Estate of Moore,* 253 Cal.App.2d 945, 949 [61 Cal.Rptr. 722]; 4 Page on Wills, § 30.20, pp. 128-129.)

We have concluded that the "fifth" paragraph of the testatrix's will is clear, unambiguous and unqualified either in its language or by extrinsic evidence. The extrinsic evidence, i.e., the testimony of the attorney who drafted the will, would seem to fortify the express words of the will that August Fromm was to receive the share of the estate without qualification. The "seventh" paragraph of the will should be interpreted to mean that the testatrix intended that Gordon Seely, Jr., was to be a contingent beneficiary of the share devised to appellant; the contingency being that August predecease the testatrix. This contingency did not occur. The absolute estate conveyed to August Fromm in paragraph five, therefore, may not be cut down or limited by some other construction of the ambiguous wording in the seventh pragraph.

The judgment is reversed and the matter is remanded to the trial court with directions to enter judgment that August Fromm's interest is a one-half interest in the residue of the estate of Mae C. Fromm, deceased.

Draper, P. J., and Caldecott, J., concurred.

A petition for a rehearing was denied April 10, 1970, and respondent's petition for a hearing by the Supreme Court was denied May 6, 1970.